UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY KIRCHNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:23-cv-490-MTS ) |
| CHIPPEWA PROPERTIES, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion For Substituted Service, Doc. [11], under Federal Rule of Civil Procedure 4(e)(1), seeking to serve by mail Defendant Chippewa Properties, LLC ("Defendant") pursuant to Missouri law, Mo. Rev. Stat. § 506.160. Plaintiff has been unable to serve Defendant despite a total of ten (10) attempts during the period May 2023 to June 2023.

Plaintiff first attempted to serve Defendant multiple times at the address for Defendant's registered agent, Konstantine Botonis, ("Registered Agent") provided to the Secretary of State of Missouri by Defendant. According to the process server, this address is a vacant office space.[1] *See* Doc. [11-5]. Plaintiff "researched and discovered" that Registered Agent had a residence in St. Louis, Missouri ("Residence"). Doc. [11] ¶ 11; *see* Doc. [11-6]. The process server made several attempts to serve Registered Agent at Residence, all without success. *See* Doc. [11-5]. Notably, during one of these attempts, a vehicle parked outside of Residence belonged to Registered Agent according to records Plaintiff obtained. *See* Docs. [11-7] & [11-5].

---

[1] The address for the registered agent of Defendant Chippewa Properties, LLC provided to the Secretary of State of Missouri by Defendant "is either false or out of date" and "no subsequent address was filed with the Secretary of State of Missouri by Defendant." Doc. [11] ¶ 10. *See also* Mo. Rev. Stat. § 347.030 (requiring ever LLC in Missouri to "have and continuously maintain" a "registered office" and "registered agent"); *see also* Mo. Rev. Stat. § 347.033.

1

Federal Rule of Civil Procedure 4(e) allows service upon an individual pursuant to the law of "the state where the district court is located."  This Court is located in the state of Missouri, and Plaintiff seeks to effect service by mail in Missouri.  According to Missouri law, service by mail "shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." Mo. Rev. Stat. § 506.160.1.[2]  While the Court acknowledges this action concerns real property, this action is distinguishable from the type of cases where this statute has typically been applied, like for cases *in rem*.  As such, the Court concludes alternate service under Mo. Rev. Stat. § 506.160.1 is not appropriate in this action.

The Court acknowledges Plaintiff's due diligence and good faith attempts at service and does not want this decision to be viewed as rewarding the behavior of Defendant and/or Registered Agent, who appear to be intentionally concealing themselves from service.  Given this behavior, the Court will provide Plaintiff extra time to serve Defendant.  The Court also notes Plaintiff will be able to recoup expenses "incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Substituted Service, Doc. [11], is **DENIED** *without prejudice*.  Plaintiff is given an additional ninety (90) days to serve Defendant Chippewa Properties, LLC.

Dated this 3rd day of August, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes Missouri allows service by mail in a second way, too. *See* Mo. Rev. Stat. § 506.150(4).  But, to effect valid mailed service under this section, the defendant must complete and return the acknowledgment. *See id.* & *Cook v. Polineni*, 967 S.W.2d 687, 693 (Mo. Ct. App. 1998).  Plaintiff attempted to effectuate service in this manner, but Plaintiff never received Defendant's signed waiver of service nor any response from Defendant at all.  *See* Doc. [11] ¶¶ 6–7.